**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Louise D Gutowski, et al., | No. CV-20-01509-PHX-GMS |
|---|---|
| Plaintiffs, | **ORDER** |
| v. | |
| 99 Cents Only Stores LLC, a foreign limited liability company, | |
| Defendants. | |

Pending before the Court is Louise D. Gutowski and Walter Gutowski's ("Plaintiffs") Motion for Partial Summary Judgment (Doc. 75). For the reasons below, the Motion is denied.[1]

Plaintiff Louise Gutowski ("Louise") fell and was injured in 99 Cents Only Stores LLC's ("Defendant") store when she tripped over a floor mat whose edge was flipped over. The corner flipped over when the store's assistant manager pushed a shopping cart over it. Approximately two minutes later, (Doc. 81 ¶ 3), Plaintiff, who was not looking at the floor in front of her, tripped over it. (*Id.* ¶ 2.)

Unifirst is a rental mat supplier. It supplied the mat at issue. Unifirst changed the mats in Defendant's store every two weeks. It was the responsibility of Unifirst's driver to determine that the floor mat, when first delivered to the store, did not present any type

---

[1] Plaintiffs' request for oral argument is denied because the parties have had an adequate opportunity to discuss the law and evidence, and oral argument will not aid the Court's decision. *See Lake at Las Vegas Invrs. Grp., Inc. v. Pac. Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991).

of hazard. Defendant named Unifirst as a non-party at fault. (Doc. 76 ¶ 27.)

Plaintiffs now move for partial summary judgment that Defendant is solely liable for their injuries, including a judgment that Unifirst is not at fault. (Doc. 75.) For the following reasons, Plaintiffs' motion is denied.

There is a basis in the record on which a reasonable jury might attribute fault to Unifirst. Plaintiffs' standard of care expert testified that "if the mat was damaged and had some edge defect, then rolling a shopping cart over that mat creates an additional level of risk, meaning the mat may now flip over." (Doc. 81 at ¶¶ 26–27.) Further, Plaintiff Louise acknowledged that she was not looking at the floor in front of her when she walked over the mat. Although a reasonable jury need not attribute fault on any of these bases, the Court determines that it could do so.

Although in their Motion, Plaintiffs requested a partial summary judgment that Defendant was solely liable for the accident, in their Reply, they assert that they are only asking for a determination that Defendant is liable to some degree for the causation of the accident and acknowledges that a jury may have to decide whether and to what extent fault should be apportioned between Plaintiffs and the store.

Notice is not a necessary element of liability to invitees if the Defendant's employee created the dangerous condition. *Dulles v. Safeway Stores*, 168 Ariz. 4, 7, 810 P.2d 627, 630 (Ct. App. 1991). However, Defendant asserts that its employee did not create the dangerous condition, but that the dangerous condition was created by flaws in the floor mat itself. Thus, Defendant argues, Plaintiffs must establish that it had notice of the condition. *Preuss v. Sambo's of Ariz., Inc.*, 130 Ariz. 288, 289, 635 P.2d 1210, 1211 (1981). There is evidence from which a jury could conclude that Defendant's assistant manager was not aware that the corner of the mat flipped over when he pushed a shopping cart over it. (Doc. 81 at 5.) Further, only two minutes passed between the time that the mat flipped over and the accident occurred. (Doc. 81 at 3.) Given that short time, and the other steps that the Defendant took to detect and avoid hazards, (Doc. 81 at 8), it is conceivable that a reasonable jury might find that Defendant is not liable for negligence. Therefore, in light

of the remaining jury question, the motion for partial summary judgment is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Partial Summary Judgment (Doc. 75) is **DENIED.**

Dated this 5th day of August, 2022.

_____
G. Murray Snow
Chief United States District Judge